UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBIN DALE KILGORE PEPPERS,

    Plaintiff,

    v.

JULIE LAWSON,

    Defendant.

CAUSE NO.: 3:18-CV-833-JD-MGG

OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Peppers, a pretrial detainee, alleges that, on July 25, 2018, he was placed in administrative segregation without notice or a hearing after Warden Julie Lawson saw his YouTube video about the conditions of the kitchen at the St. Joseph County Jail. Since then, he has been denied visitation, phone use, proper

health care, or time out of his cell, and he has remained in administrative segregation for more than one hundred sixty days. From July 27 to July 30, he was assigned to a cell with sewage leaking on the floor and without running water or a working toilet, and correctional staff refused to assist him. On July 30, Peppers contracted a leg infection. Though he sent several inmate requests for treatment, he did not receive medical attention until August 30, when a physician gave him a bandage, which was replaced on a weekly basis. One week later, he received antibiotic medication. He continues to suffer leg pain, which has since spread to his neck, back, and face. On September 20, Peppers was placed on suicide watch for five days, and correctional staff stripped him naked and confiscated his property. He was placed in a room with steel furniture and given only a smock to sleep in. The unsanitary conditions, inadequate medical treatment, and suicide watch procedures were in accordance with Warden Lawson's policies. For his claims, he seeks money damages and injunctive relief.

Peppers asserts a First Amendment claim against Warden Julie Lawson for subjecting him to administrative segregation in retaliation for his YouTube video on the conditions of the jail kitchen. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of

2

the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). The amended complaint states a plausible claim of First Amendment retaliation against Warden Lawson.

Peppers asserts a Fourteenth Amendment procedural due process claim against Warden Lawson for placing him in administrative segregation without notice or a hearing. For procedural due process claims, a plaintiff must show: (1) a deprivation of a protected liberty or property interest; and (2) the absence of constitutionally adequate procedural safeguards in connection with the deprivation. *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009). "Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). "Although relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest may arise from a long term of confinement combined with atypical and significant hardships." *Id.* Considering the length of time and the conditions described by Peppers, the amended complaint states a plausible procedural due process claim against Warden Lawson.

Next, Peppers asserts a claim against Warden Lawson regarding suicide watch procedures, which he alleges was intended to intimidate him and was tantamount to sexual misconduct. He also asserts a claim regarding the inadequate medical treatment for his leg infection. Because Peppers is a pretrial detainee, "we assess [his] claim under

the Fourteenth Amendment instead of the Eighth Amendment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Recently, the Seventh Circuit extended this line of reasoning to medical claims. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The amended complaint states a plausible Fourteenth Amendment claim regarding his experience on suicide watch and the medical treatment for his leg infection.

Additionally, Peppers seeks injunctive relief with respect to his assignment to administrative segregation and medical treatment for his leg infection. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief – if granted – will be limited to requiring jail officials to address his concerns

regarding administrative segregation and medical treatment for his leg infection as required by the First and Fourteenth Amendment.

Peppers further alleges that Warden Lawson engaged in various forms of misconduct towards inmates without describing how such misconduct affected him. For example, he alleges that Lawson ordered her employees to tamper with legal mail and to falsify charges, restricted access to the legal papers and research materials, engaged in political and religious retaliation, implemented an inadequate grievance system, and disregards court orders. "A litigant must generally assert his or her own legal rights and interests." *Shimer v. Washington*, 100 F.3d 506, 508 (7th Cir. 1996). Because the amended complaint does not explain how these actions affected Peppers, he cannot proceed on these allegations.

As a final matter, Peppers filed a letter asking the court for general information about his legal rights as a prisoner, as a criminal defendant released on bond, and as a civil litigant. ECF 10. However, the court cannot answer these questions because the court cannot provide legal advice.

For these reasons, the court:

(1) GRANTS Robin Dale Kilgore Peppers leave to proceed on a claim against Warden Julie Lawson for money damages and injunctive relief for placing him in administrative segregation in retaliation for him posting a YouTube video about the jail kitchen in violation of the First Amendment;

(2) GRANTS Robin Dale Kilgore Peppers leave to proceed on a claim against Warden Julie Lawson for money damages and injunctive relief for placing him in

administrative segregation without procedural due process in violation of the Fourteenth Amendment;

(3) GRANTS Robin Dale Kilgore Peppers leave to proceed on a claim against Warden Julie Lawson for money damages and injunctive relief for providing inadequate medical treatment for his leg infection in violation of the Fourteenth Amendment;

(4) GRANTS Robin Dale Kilgore Peppers leave to proceed on a Fourteenth Amendment claim against Warden Julie Lawson for money damages in connection with his placement on suicide watch in September 2018;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Julie Lawson at the St. Joseph County Jail with a copy of this order and the amended complaint (ECF 9) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Julie Lawson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Robin Dale Kilgore Peppers has been granted leave to proceed in this screening order.

SO ORDERED on February 7, 2019

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT